Hon. William E. Straub Niagara Frontier Transportation Authority
This will acknowledge your letter wherein you state that the City of Buffalo is experiencing considerable financial difficulties and has determined that it cannot operate the fireboat, which is stationed along the Buffalo waterfront, after December 31, 1978. The fireboat aids in fighting fires which may erupt on waterfront property, and helps to break up the ice in the Buffalo Harbor when the Coast Guard icebreakers are stationed elsewhere, and it is said to keep water intakes open and thus prevent Cazenovia Creek from overflowing. The City has requested that the Niagara Frontier Transportation Authority (NFTA) assume the financial responsibilities for the operation and maintenance of the fireboat beginning January 1, 1979, and you ask whether, in our opinion, the expenditure of NFTA funds to finance the operation and maintenance of the fireboat would be proper.
In 1972 Atty Gen (Inf Opns) 158, we noted that Public Authorities Law, § 1299-f, subd 7, provides in part:
 "Each municipality or political subdivision, including but not limited to a county, city, village, town or district in which any facilities of the authority are located shall provide for such facilities police, fire and health protection services of the same character and to the same extent as those provided for residents of such municipality or political subdivision." (Emphasis supplied.)
We interpreted said statute to be mandatory on the Town of Cheektowaga, and required it to furnish fire protection services for the facilities of NFTA situated within the confines of the Town.
The same conclusion would apply to the City of Buffalo. The manner in which the services are provided is, of course, discretionary, and would not necessarily require continued use of the fireboat if shorebased facilities are otherwise adequate.
Pursuant to Public Authorities Law, § 1299-o, property owned or leased by NFTA is exempt from taxation and special ad valorem levies. However, section 1229-r of said law provides:
 "To the end that municipal corporations and school districts wherein a project or projects or a part thereof of the authority are located may not suffer undue loss of taxes and assessments by reason of the location of a project or projects of the authority therein, the authority is hereby authorized and empowered to enter into voluntary agreement or agreements with any municipal corporation or school district wherein a project or part thereof of the authority is located whereby it will undertake to pay a fair and reasonable sum or sums annually in connection with any property owned or held by the authority not in excess of the sum last paid as taxes, or in lieu of taxes by agreement upon such property prior to the time of its acquisition by the authority. Such payment or payments which the authority is hereby authorized and empowered to make shall be in such amount or amounts and shall be payable at such time or times and under such terms and conditions as shall be agreed upon by and between the authority and any such municipal corporation and/or school district."
Accordingly, since the City of Buffalo is obligated to furnish fire protection services for facilities of the Niagara Frontier Transportation Authority situated within the City, it is our opinion that it would be improper for NFTA to directly underwrite the operational and maintenance costs of a specific item of Buffalo's firefighting equipment, such as a fireboat. However, a voluntary agreement may be entered into in lieu of various taxes, pursuant to Public Authorities Law, § 1299-r, whereby a fair and reasonable sum may be paid to the City of Buffalo. See, also, 1974 Atty Gen (Inf Opns) 174.